IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| ROCHELLE BILAL | : | CIVIL ACTION |
| | : | |
| -vs- | : | NO. |
| | : | |
| CITY OF PHILADLEPHIA; | : | |
| SYVESTER JOHNSON, JOHN J. GAITTEN, | : | JURY TRIAL DEMAND |
| CHRISTOPHER FLACCO, LT. | : | |
| TERRENCE GIBBS, AND MARTIN HENRY | : | |

COMPLAINT

I. INTRODUCTION

1. This action involves retaliation by the Employer and/or unlawful employment discrimination under a policy to condone acquiesce and/or adopt the acts of the Employer's employees and supervisors, who retaliate against those who engaged in activity protected under anti discrimination laws; such as, 42 U.S.C. 2000e, Title VII, and the Pennsylvania Human Relations Act.

2. The action also involves an intentional deprivation of federal rights by the defendants, under color of state law and also under a policy of the City. Accordingly an action for denial of equal protection of law, because of race, and free speech as secured under the First Amendment of the United States Constitution is brought under 42 USC 1983, et seq. Sate pendent claims are also asserted.

3. The employee supervisors in this action are police commissioner Sylvester Johnson; Police Board of Inquiry Prosecutor Christopher Flacco, Deputy Police Commissioner over seeing Labor Jack Gaittens, Lt. Gibbs (Commander of HIDTA)and Sgt. Henry (Internal Affairs). All are aider and abettors of the aforementioned policy of the Defendant employer the City of Philadelphia).

1

4. Plaintiff brings the identified federal causes of action under 42 U.S.C. 2000e, Title VII, and its amendments, and under 42 USC 1983 et seq. The state pendent claim is brought under the Pennsylvania Human Relations Act (43 Pa. Stat. Ann. § 951 et seq.) and in each claim affirmative and declaratory relief as permitted by law and equality to make the Plaintiff whole is sought. Punitive damages are sought but not against the City of Philadelphia. relief is sough for the intentional discrimination and retaliation that has occurred, the relief sought included but is not limited to back and front pay, compensatory damages, declaratory relief, and expunge of discipline, without regards to caps as none exists under the Pennsylvania Human Relations Act.

II. JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 2000(e), et seq. and 42 U.S.C. §1983 et. seq. and 28 U.S.C. Sections 1331 and 1343(4). Venue herein is found under 28 U.S.C. Section 1391(b) and (e) because the alleged conduct complained of herein was committed within the Federal Judicial District of Eastern District of Pennsylvania. Plaintiff assert supplemental jurisdiction to decide the pendent state claims.

III. PARTIES AND MATERIAL AVERMENTS

6. Rochelle Bilal (hereafter Plaintiff) is a person as intended by 42 USC 1983, et seq., and she is an employee or protected person as intended by 42 USC 2000e and the Pennsylvania Human relation Act claims. Plaintiff reside is Philadelphia Pennsylvania.

7. Defendants are the City of Philadelphia (hereinafter "Defendant City") Sylvester Johnson, Christopher Flacco, Jack Gaittens, Lt. Terrence Gibbs and Sgt. Martin Henry. The City is a municipality created under the laws of the Commonwealth of Pennsylvania and is an Employer as intended for the Title VII and Pennsylvania Human Relations claims, it is a municipality for the purpose of the Monell claim under 42 USC 1983, and it is specifically the

Plaintiff and remaining other defendants for the purpose of the Title VII and Pennsylvania Human Relations claims. All defendants at the time of the events that give rise to the claims resided in and were domiciled in Philadelphia, Pennsylvania. Defendant Johnson now resides in Delaware.

8. On March 27, 1007 Plaintiff filed a Charge of Race, Sex and retaliation with the Equal Employment Opportunity Commissions. The charge was cross filed with the Pennsylvania Human Relations Commissions, and each agency charge was file within 300 days of the event date giving rise to liability that is at issue in this action. Aiding and Abetting was asserted under the PaHRA. The Charge resulted in a Right-to Sue letter being issued. On June 5, 2009 the letter was received by the Plaintiff (a Copy of the Right-to Sue letter is attached and marked as Exhibit 1)

9. At al times material to this action the Defendants:

a) acted under color of state law;

b) deprived the Plaintiff of rights secured under federal law, regulation and/or the United States constitution;

c) acted intentionally, knowing, recklessly, with gross negligence, maliciously, with deliberate indifference for the rights of the Plaintiff, in reckless disregard for Plaintiff's rights, contrary to clearly established law, for themselves and each other, to deprive rights under an agreement and the Policy, custom and practice of the City of Philadelphia to directly or indirectly condone, ratify, acquiesce and adopt the actions of individual employees to discriminate against others, in employment and the terms and conditions of employment, because of race, sex and activities protected by law, and to cause the injury and damages that are more fully explained below and that Plaintiff suffered, such as humiliation, embarrassment, emotional distress, wage loss and loss of employment opportunities.

IV. CLAIMS

## COUNT I
## 42 USC 2000e -RETALIATION

12.     Plaintiff repeats all the preceding paragraphs in all of the above sections here and does so as though each were repeated verbatim.

13.     Plaintiff is a Afro-American female. On June 23, 1986 the City of Philadelphia hired Plaintiff as a Police Officer. For all times material to the claims, Plaintiff worked in the Narcotic Nidta, Narcotic's Bureau.

14.     On or about April 21, 2006 Plaintiff engaged in protected activity by opposing and aiding another employee (Teresa Brooks) to oppose and pursue a employment discrimination charge against the City of Philadelphia under 42 USC 2000e Title VII and Pennsylvania Human Relations Act.

15.     All defendants were aware of the Plaintiff's assistance to the employee (Theresa Brook) and activities to aid her in the presentment and prosecution of the 42 USC 2000e Title VII and Pennsylvania Human Relations Act discrimination in employment charge.

16.     In fact, on or about the time of Plaintiff protected activates a statement was taken from Plaintiff about Plaintiffs off duty activities in aid of the employee Teresa Brook. The statement was taken by Sgt Henry with the knowledge of the remaining defendants, including Lt. Gibb, Deputy commissioner John Gaittens and Police commissioner Sylvester Johnson.

17.     During Plaintiff's interview by Defendant Gibbs, Plaintiff gave truthful but harmful information to the City employer; that information concerned employee Theresa Brooks' employment discrimination charge, which charge involved Brooks (a afro-American female) being assaulted by white male supervisor Captain Jerald Levins, while each was in the City Law Department at 1515 Arch street, Philadelphia Pennsylvania. Supervisor Capt. Levins was not discipline for the assault and failing to stay at the assault scene; rather, Levins was

4

allowed to retire; although such supervisors such as deputy Commissions Patricia Fox and John Gaittens were aware of the misconduct. Similar conduct by Afro-American employees has lead to criminal charges and/or firing from employment with the City.

17. Sgt Henry and Lt. Giggs are with the Internal Affairs Division of the defendant City's Police Department. They were for all times material to Plaintiff's claims under the direct supervision and control of Defendants Johnson, Gaittens and Flacco. Defendant Flacco headed the prosecution unit for the City's Police Inquiry Board, which is the Board deciding discipline matters that go to a hearing. Flacco was at all times material to Plaintiff's claims directly supervised by Gaittens and Johnson.

18. On or about December 21, 2008, following the official conclusion of the 2006 investigation, Plaintiff was subjected to adverse employment action by the Defendants, such as but not limited to; a loss of pay and suspension.

19. The substantial and/or motivating reason of the Defendants for the adverse action, which included initiated of the investigation that resulted in the 2008 charge by Gibbs and Henry; the prosecution of the charges by Flacco and the enforcement of the pay loss and suspension from the charges by Gaittens and Johnson, was Plaintiff's protected activity in opposing and aiding another employee to opposes perceived illegal employment discrimination.

20. The above described adverse action against the Plaintiff was intended to dissuade the Plaintiff from continuing to aid Therese brooks in the presentment and prosecution of the perceived illegal employment discriminating charge.

21. The direct or proximate cause for the investigation against the Plaintiff, the charge that resulted, and the prosecution and discipline imposed, that caused Plaintiff's

damages, including such injuries as humiliation, embarrassment and mental anguish, was the adverse action.

21. Plaintiff has been subjected to illegal employment discrimination and retaliation by the Defendant City of Philadelphia employer. In that the City under a policy used its employees, supervisors and internal affairs unit, such as employees Sgt. Martin Henry and Lt. Gibbs to conduct an investigation that concerned an opposition to employment discrimination, which allegation was the subject of an EEOC charge by employee Teresa Brook, who charged the City employer with race and sex discrimination and retaliation, for which Plaintiff was interviewed about.

22. The Employer caused through Gaittens, Gibbs and Henry the interview of the Plaintiff about the Brooks incident. Following Plaintiff's interview Gaittens, Gibbs and Henry, with the consent and approval of Johnson and Flacco, initiated an investigation against Plaintiff. The investigation lead to adverse discipline to be taken against the Plaintiff. The adverse action was approved to be taken by Johnson, Gaittens and Flacco. The adverse action caused Plaintiff to loose wages and employment opportunities.

23. At all times, for the acts set forth in paragraph 22, each and every Defendant knew of the others action and that their action was for a common purpose to retaliate against Plaintiff for assisting Brook and providing truthful but harmful information about the City Employer's illegal conduct and that of the City employer's employees.

### COUNT II
### 42 USC 2000e - RACE AND SEX DISCRIMINATION

24. Plaintiff repeats all the preceding paragraphs in all of the above sections here and does so as though each were repeated verbatim.

25. The City of Philadelphia is Plaintiff's employer, and the City has in excess of 500 employees.

26. Plaintiff because of her race and/or sex was treated different in the terms and conditions in the employment. In that, the Plaintiff was disciplined, suspended and caused to loose pay and employment opportunities where males and whites would not be.

27. Plaintiff was because of her sex and race subjected to discipline for cooperating in an investigation by the Employer about illegal employment discrimination, which included an allegation against the Employer of different treatment in the terms and conditions of employment, because of race and sex, and for providing truthful but harmful information about the Employer during the investigation by the Employer concerning employee Therese Brook's complaint, which complaint was filed with and know by the Employer and its employees to be before the Equal Opportunity Commissions and Pennsylvania Human Relations Commission about Therese Brook's charge and opposition to illegal employment action by the Employer and the Employer's failure to take prompt and/or appropriate action to stop the employment discrimination and retaliation.

## COUNT III
## 42 USC 1983 - RETALILATION- RACE DISCRIMINATION / EQUAL PROTECTION

28. Plaintiff repeats all the preceding paragraphs in all of the above sections here and does so as though each were repeated verbatim.

29. Defendants Johnson, Gaittens, Flacco, Gibbs and Henry took action under color of state law by starting an investigation against the Plaintiff; bringing discipline against the Plaintiff, and by imposing and enforcing the discipline against the Plaintiff, which acts, actions and conduct was intended to be done for a common goal of and to treated Plaintiff different

because of Plaintiffs race and sex, for conduct similarly situated whites and males are not subjected to the same acts actions and conduct as the Plaintiff.

30. Plaintiff because of her race was deprived under color of state law by the Defendants of her Fourteenth Amendment equal protection of law.

31. Plaintiff because of her race was deprived by the Defendants of equal treatment in contract and law.

32. Plaintiff because of her exercise of free speech rights to give truthful information about illegal conduct of the Employer and its employees (as secured right is secured under the First Amendment of the United States Constitution) was subjected to adverse action by the defendants, for the protected First Amendment activities,, which adverse action is the direct or proximate caused of damages and injury to the Plaintiff, such as loss of pay, employment opportunities, and extreme mental anguish.

## COUNT IV
## STATE PENDENT CLAIMS - PENNSYLVANIA HUMAN RELATIONS ACT

29. Plaintiff repeats all the preceding paragraphs in all of the above sections here and does so as though each were repeated verbatim.

30. Defendant City is an Employer and entity subject to the Pennsylvania Human Relations Act.

31. Defendants Sylvester Johnson, (Commissioner at the time), Deputy Commissioner John J. Gaittens, Captain Christopher Flacco (now Inspector), Lt. Gibbs and Sgt Henry are supervisory persons covered under the Pennsylvania Human Relations Act as aiders and abettors.

32. Plaintiff is an employee and person covered under the Pennsylvania Human Relations Act.

8

33.     For the acts, actions and conduct aforementioned by the City Employer and Defendants Johnson, Gaittens, Flacco, Gibbs, and Henry, as aiders and abettors of the City Employer's policy to condone, acquiesce to and adopt actions of its supervisors that are intended to be and are retaliation motivated to retaliate against employees who engage in Title VII and Pennsylvania Human Relations Act protected activity, Plaintiff is separate and joint relief against the City and individual defendants as provided by law and/or under the Pennsylvania Human Relations Act.

34.     The conduct, act, and actions of Defendants were extreme, outrageous and beyond the type society tolerates.

35.     As a direct result of Defendants' conduct, acts, and actions the Plaintiff sustained injury to her person and property, which injury included but is not limited to loss of employment opportunity, prestige, wages (property in the employment) and benefits attendant to the employment; additionally, the Plaintiff suffered humiliation, embarrassment, and extreme emotional distress, which manifest into physical form; such as but not limited to weight gain and loss, muscle spa sums, raised blood pressure, upper and back pain, disrupted sleep, depression, stomach and headaches, eye twitching, hair loss, and injury to the hand and nerves, which manifestations required medical care and treatment.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

a. Declaratory, Injunctive and Equitable relief, as permitted by Law in Equity;

b. Affirmative relief, as permitted by Law, such as but not limited to, back pay, front pay, reinstatement with retroactive benefits, compensatory, consequential, and punitive damages (but not against the City municipal employer); nominal damages; attorney fees and litigation costs; and,

c. Such other relief as the Court deems appropriate and just to make the Plaintiff's whole for the deprivation of their rights, privileges and immunities under federal law, rule regulation and constitution.

Date: 08/13/09

BY: _____\
BMP3198   /s/
Brian M. Puricelli
Brian M. Puricelli, Esquire

EEOC Form 161 (rev 2/17/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Rochelle Bilai<br>103 East Colonial Street<br>Philadelphia, PA 19120 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107-3127 |
|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2007-02311 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_William D. Cal_ (signature)      6/2/09
/s/ Marie M. Tomasso, District Director      *(Date Mailed)*

Enclosure(s)
     Information Sheet

cc:   Philadelphia Police Department
      Brian M. Puricelli, Esquire  (For Charging Party)
      Jeffrey B. First, Esquire  (For Respondent)



**U.S. Equal Employment Opportunity Commission**
**Philadelphia District Office**

801 Market Street
Suite 1300
Philadelphia, PA 19107
(215) 440-2602
TDD: 1-800-669-6820
FAX (215) 440-2604
1-800-669-4000

Respondent: PHILADELPHIA POLICE DEPARTMENT
EEOC Charge No.: 530-2007-02311
FEPA Charge No.:

December 5, 2007

Rochelle Bilal
103 East Colonial Street
Philadelphia, PA 19120

Dear Ms. Bilal:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[X] Title VII of the Civil Rights Act of 1964 (Title VII)
[ ] The Age Discrimination in Employment Act (ADEA)
[ ] The Americans with Disabilities Act (ADA)
[ ] The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
Pennsylvania Human Relations Commission
Suite 300
301 Chestnut St
Harrisburg, PA 17101

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*[signature]*

William D. Cook
Enforcement Manager
(215) 440-2634

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
DANIEL D. YUN
Executive Director
HOMER C. FLOYD



COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TTY)

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. GILHOOLEY
J. WHYATT MONDESIRE
KWEILIN NASSAR
DANIEL L. WOODALL, JR.

www.phrc.state.pa.us

June 19, 2008

Rochelle Bilal
103 East Colonial Street
Philadelphia PA 19120

    RE:    Rochelle Bilal v Philadelphia Police Department
             Case No.200704165

Dear Rochelle Bilal:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission (PHRC). As you are aware, the U.S. Equal Employment Opportunity Commission (EEOC) has docketed and is processing your complaint. The PHRC has been holding your complaint in abeyance pending the completion of EEOC's processing of your case.

You elected to have EEOC conduct the investigation and filed your complaint with PHRC to preserve your rights under state law. Because it is more than one year since you filed your complaint with PHRC, you now have the right to file a complaint in the appropriate Pennsylvania court of common pleas. This right is provided under Section 12(c) of the Pennsylvania Human Relations Act (PHRAct), 43 P.S. Subsection 962(c). Please be advised that you are not required to file such an action in state court. If you believe that you might want to take your case to state court, we suggest that you consult a private attorney, so that your attorney may weigh the benefits of filing in state court.

It is the PHRC's intention to close your case based on the accrual of the right to file in state court and the continued assumption of investigative jurisdiction by EEOC unless you advise us that you want PHRC to keep your case open. If you do not contact PHRC **in writing within 30 days** of the date of this letter and request PHRC to keep your case open, it will be assumed that you want EEOC to continue to process your case and PHRC will close your case administratively.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the PHRC with a copy of the Court complaint. This copy must be served on PHRC at the same time you file it in Court. The copy is to be sent to: Michael Hardiman, Chief Counsel, at the above listed address.

Sincerely,

*[signature]*

William G. Smithey, Jr.
Assistant to the Director of Compliance

WGS: cmw
cc: Brian Puricelli, Esq.

LUK IYR

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROCHELLE BILAL

## DEFENDANTS
City of Philadelphia, Syveter Johnson, John J Gaitten, Christopher Flacco, Martin Duffy et al.

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian Puricelli, 691 Washington Crossing Rd, Newtown PA 18940
(215) 504-8115

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 et seq, 42 USC 2003( Title VII)

Brief description of cause:
deprivation of a federal right under color of state law & employment discrimination/retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 8-14-2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Rochelle Bilat                                         :       CIVIL ACTION
                                                       :
                          v.                           :
                                                       :
City of Philadelphia et al.                            :
                                                       :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.                        ( )


8/14/2009                     Brian Puricelli              Brian Puricelli
_____                   _____          _____
**Date**                      **Attorney-at-law**          **Attorney for** Plff

215 504 8115                  215 504 8116                 Puricelli.b@comcast.net
_____                   _____          _____
**Telephone**                 **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Phila PA__

Address of Defendant: __Phila PA__

Place of Accident, Incident or Transaction: __Phila PA__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☑

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __Brian Puricelli__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __8/14/2009__    _____Attorney-at-Law_____    __61933__ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/14/2009__    _____Attorney-at-Law_____    __61933__ Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Rochelle Bilal

V.

City of Philadelphia et al.

Civil Action
No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

☐ N/A   The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ N/A   The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

8/14/2009
Date

Signature

Counsel for: Plaintiff

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
  (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
  (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
  (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
  (2) promptly file a supplemental statement if any required information changes.